UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA H.

                Plaintiff,

v.                                                           1:20-CV-1562 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SIXTINA FERNANDEZ, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 14.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

1

**I.      RELEVANT BACKGROUND**

   **A.      Factual Background**

Plaintiff was born in 1990. (T. 70.) She completed high school. (T. 163.) Generally, Plaintiff's alleged disability consists of anxiety, anti-social behavior, post-traumatic stress disorder ("PTSD"), back and neck issues, and degenerative disc disease. (T. 57-58.) Her alleged disability onset date is December 31, 2011. (T. 58.) Her past relevant work consists of cashier, customer service representative, dishwasher and cook, and in food preparation. (T. 163.)

   **B.      Procedural History**

On July 28, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 70.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 7, 2019, Plaintiff appeared before the ALJ, John Benson. (T. 34-56.) On June 26, 2019, ALJ Benson issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-33.) On September 18, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

   **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-29.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 28, 2017. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the spine; degenerative

joint disease of the right knee; anxiety disorder; depressive disorder; post-traumatic stress disorder ("PTSD"), and polysubstance abuse disorder.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except she can occasionally climb ramps or stairs, balance, stoop, crouch, or kneel, but can never crawl nor climb ladders.  (T. 22.)[1]  The ALJ further found she can frequently handle bilaterally, but must avoid all exposures to workplace hazards, such as unprotected heights and dangerous machinery.  (*Id.*)   The ALJ found Plaintiff is limited to performing simple tasks that involve no interactions with the public and only occasional interaction with co-workers.  (T. 21.)  The ALJ however concluded Plaintiff could tolerate brief periods of more intensive interaction to include frequent interaction of up to 30 days.  (*Id.*)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 27-29.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ erred in evaluating the administrative finding of

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

3

consultative examiner, Janine Ippolito, Psy.D. (Dkt. No. 10 at 12-21.) Plaintiff also filed a reply in which she deemed no reply necessary. (Dkt. No. 12.)

    **B.**    **Defendant's Arguments**

In response, Defendant makes two arguments. Defendant argues Plaintiff has not met her burden of proving she has limitations that exceed the ALJ's RFC finding. (Dkt. No. 11 at 8-17.) Second, and lastly, Defendant argues substantial evidence supports the ALJ's step-five finding. (*Id.* at 18.)

**III.**    **RELEVANT LEGAL STANDARD**

    **B.**    **Standard of Review**

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447. "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV. ANALYSIS

As an initial matter, the ALJ committed legal error in evaluating medical opinion evidence in the record. Although the ALJ stated he "considered the medical opinion(s)

and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. [§] 416.920c," the ALJ considered opinions under the previous regulations at 20 C.F.R. § 416.927(c)(2).  (T. 21.)  Therefore, the ALJ did not apply the correct legal standard in articulating his evaluation of the medical opinion evidence.

Plaintiff does not argue the ALJ committed legal error in failing to apply the proper regulations, indeed Plaintiff does not acknowledge the ALJ's error in her brief or reply.  (See generally Dkt. Nos. 10, 12.)  Instead, Plaintiff argues the ALJ failed to account for all of the limitations provided by the consultative examiner despite affording the examiner's opinion great weight and failed to explain his discrepancy.  (Dkt. No. 10 at 12-13.)  Defendant, acknowledging the ALJ's error, asserts the error was harmless. (Dkt. No. 11 at 10 n.7.)  Defendant argues Plaintiff failed to meet her burden of proving greater functional limitations than provided by the ALJ and the ALJ's determination was supported by substantial evidence.  (*Id.* at 8-18.)

Plaintiff filed her application for benefits after March 27, 2017; therefore, the agency applies 20 C.F.R. § 416.920c rather than 20 C.F.R. § 416.927.  These new regulations no longer apply the "treating-physician rule," which gave deference to the opinion of the treating physician.  Instead, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R. § 416.920c(a).  The regulations explain that when "evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings," the "most important factors ... are supportability ... and consistency." *Id.*  The regulations further require the ALJ to "explain how [he] considered the

6

supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [its] determination or decision." *Id.* § 416.920c(b)(2).

The Second Circuit has stated that an ALJ's procedural error in applying the new regulations may constitute harmless error if "a searching review of the record assures us that the substance of the regulation was not traversed." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (internal quotation omitted); *see Mark C. v. Kijakazi*, No. 21-CV-0184L, 2022 WL 16797962, at *2 (W.D.N.Y. Nov. 8, 2022) (failure to explicitly discuss supportability and consistency factors was harmless error where "[t]he ALJ's decision set forth all of the evidence upon which the ALJ relied, and implicitly compared the supportability and consistency of that evidence with the opinions of record."); *see Deborah D. v. Comm'r of Soc. Sec.*, No. 21-CV-48-FPG, 2022 WL 4922075, at *4 (W.D.N.Y. Oct. 4, 2022) ("Although the ALJ did not fully analyze the persuasiveness of Hanavan's opinion in connection with his analysis of Plaintiff's mental impairments, given the context of the ALJ's discussion of those issues, it is evident why he rejected it.").

Here, a searching review of the record does not assure the court that the substance of the regulation was not traversed. *Glenda R. v. Comm'r of Soc. Sec.*, No. 20-CV-6928, 2022 WL 17325812, at *4 (W.D.N.Y. Nov. 29, 2022) ("Upon review of the entire record, the Court cannot say that the ALJ properly considered the consistency and supportability factors for any of the medical opinions, [ . . . ] It is not clear from the record how the ALJ reconciled [medical opinions] and the ultimate RFC determination.").

7

In addition, as argued by Plaintiff, despite granting "great weight" to the consultative examiner's opinion, the ALJ failed to provide sufficient reasoning to support his determination to not adopt the doctor's opined marked limitations or discuss the consistency of the opinion with other opinion evidence in the record.  (Dkt. No. 10 at 13-20.)  The ALJ's failure to sufficiently address the consistency the doctor's opined marked limitations together with other opinion evidence of moderate limitations, requires remand.  See *Loucks,* 2022 WL 2189293, at *2 (The ALJ did not address the fact that all the opinion evidence in the record, including portions of Dr. Hoffman's opinion, indicated that Loucks would have medium or marked limitations for staying on task and for attendance.).

On October 27, 2017, consultative examiner Janine Ippolito, Psy.D. examined Plaintiff and provided a medical source statement.  (T. 396-401.)  Based on her examination of Plaintiff, Dr. Ippolito opined Plaintiff was able to understand, remember, or apply simple and complex directions and instructions, sustain concentration and perform a task at a consistent pace, and maintain personal hygiene and appropriate attire with no evidence of limitations.  (T. 400.)  She opined Plaintiff had moderate limitations in her ability to use reason and judgment to make work-related decisions, interact adequately with supervisors, co-workers, and the public, sustain an ordinary routine and regular attendance at work, and demonstrate awareness of normal hazards and taking appropriate precautions.  (*Id.*)  Dr. Ippolito opined Plaintiff had marked limitations in her ability to regulate emotions, control behavior, and maintain well-being.  (*Id.*)

The ALJ afforded Dr. Ippolito's opinion "great weight." (T. 24.) The ALJ noted Dr. Ippolito was not a treating source and did not have an opportunity to monitor Plaintiff's progress. (T. 23.) The ALJ also noted Dr. Ippolito was a specialist in psychology. (*Id.*) The ALJ concluded the opined limitations were "supported by detailed clinical findings." (*Id.*) Lastly, the ALJ concluded, "[t]hese findings of Dr. Ippolito do not support [Plaintiff's] allegations because it demonstrates that treatment has been effective in stabilizing her mental health condition to the degree that she fails displayed significant clinical signs or symptoms that would reasonably support the work-related limitations purported." (T. 24.)

The ALJ's weighing of Dr. Ippolito's administrative finding constitutes legal error and the ALJ's error cannot be deemed harmless. Although the ALJ noted the doctor's findings were supported by her examination, the ALJ failed to provide an explicit discussion of the finding's consistency with other opinion evidence in the record. *See Glenda R.*, 2022 WL 17325812, at *4 (ALJ's application of wrong legal standard in evaluating medical opinions was not harmless where the ALJ did not point to any specific pieces of evidence in the transcript to support his conclusion the limitations were consistent with evidence).

Further, a consistency analysis cannot be gleaned from the remainder of the ALJ's decision. As argued by Plaintiff, despite affording "great weight" to Dr. Ippolito's administrative finding, the ALJ's decision fails to provide sufficient reasoning to resolve the apparent conflict between the doctor's opined marked limitations and the ultimate RFC determination. (Dkt. No. 10 at 13.) To be sure, an ALJ is not required to discuss every piece of evidence contained in the record. *Cichocki v. Astrue*, 729 F.3d 172, 178

9

n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).  In addition, even where an ALJ fails to provide an express rationale for a finding, courts must nevertheless uphold the finding where the ALJ's decision and the "clearly credible" evidentiary record otherwise indicate that the finding is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982).  However, "[a] court, though, is not permitted to uphold an ALJ's decision where the basis for the ALJ's findings is unclear or where to do so would require the court to make credibility determinations or draw inferences that are within the province of the ALJ."  *Ronda T. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01538, 2022 WL 4298257, at *5 (W.D.N.Y. Sept. 19, 2022).  Overall, remand may be required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record," or where the ALJ's lack of analysis otherwise inhibits a meaningful review by the court. *See, Cichocki,* 729 F.3d at 177.  The ALJ's decision does not provide sufficient discussion to allow the reviewing court to glean his rationale or meaningfully review the decision, particularly considering other medical opinion evidence in the record.

Other medical sources indicated Plaintiff would have moderate limitations in mental functioning.  On January 21, 2019 and March 28, 2019 providers opined Plaintiff was moderately limited in her ability to maintain attention and concentration and function in a work setting at a consistent pace.  (T. 760, 870.)  Although the ALJ discussed these opinions in his decision, he failed to address the consistency of the opinions with each other and Dr. Ippolito's opinion.  *See Loucks*, 2022 WL 2189293, at *2 (ALJ's procedural error not harmless where, in part, the ALJ failed to "address the

10

fact that all the opinion evidence in the record [. . .] indicated that Loucks would have medium or marked limitations for staying on task and for attendance").

Although the ALJ conclusion that Dr. Ippolito's opined limitations were "supported by detailed clinical findings" satisfies the supportability requirement of 20 C.F.R. 416.920c(c)(1), the ALJ provided no discussion of the opinion's consistency with other medical providers and evidence as required under 20 C.F.R. § 416.920c(c)(2), nor can the ALJ's reasoning be gleaned from the decision.  The ALJ's error cannot be deemed harmless.  Despite affording Dr. Ippolito's opinion great weight, the ALJ's failure to discuss the opinion's consistency with other opinion evidence in the record, and the inability to glean any rationale from the decision, prevents meaningful review.  Therefore, the ALJ's error in evaluating medical opinion evidence under the prior regulations was not harmless and remand is necessary.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:      January 5, 2023

_William B. Mitchell Carter_
William B. Mitchell Carter
U.S. Magistrate Judge